UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW WHITE,

                              Plaintiff,

v.                                                     Civil Action No. _____

ADMIN RECOVERY LLC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Andrew White, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Admin Recovery LLC, (hereinafter "Admin") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Defendant incurred a debt on a purchase from Raymour and Flanigan with the creditor, TD Bank, N.A. d/b/a TD Retail Card Services (hereinafter "TD Bank")

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That the Plaintiff allegedly defaulted on the subject debt.

12. That upon information and belief, Defendant thereafter was employed by TF bank to collect on the subject debt.

13. That on or about February 2020, Plaintiff fell behind on the subject debt.

14. That on or about June 23, 2020, Plaintiff contacted TD Bank and made a payment on the account to bring it current.

15. That on August 7, 2020, Defendant called Plaintiff on his business phone number and left a voicemail stating. "the issue with Raymour & Flanigan requires an immediate response".

16. That Defendant again called Plaintiff's business phone line and left another voicemail on August 11, 2020.

17. That Defendant continued to call Plaintiff's business phone line on August 12, 17, 19, 24, 27, 31 of 2020 and as well on October 7, and November 10 of 2020.

18. That the voicemail from the call on August 27 stated the issue was "up for final review."

19. That Defendant called Plaintiff's cellular telephone on September 9, 2020, leaving a message that threatened to move forward if the matter was not rectified on a voluntary basis and that if he did not speak to the Plaintiff to rectify the mater while he was still able to do so, the matter would go back to the client for further processing.

20. That the above messages caused the Plaintiff to believe that the debt, if not immediately satisfied, would result in some sort of legal action being brought to collect it.

21. That on August 24, 2020, Defendant called Plaintiff's ex-wife asking to speak with Plaintiff and disclosed the existence of the subject debt. That Ms. White informed Defendant that her number was not a good contact number for the Plaintiff

22. That thereafter the above conversation, the Defendant continued to call Plaintiff's ex-wife three more times until August 31, 2020 when she again spoke with Defendant restating that her number was not a good number to reach the Plaintiff.

### V. CAUSE OF ACTION

23. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2) for contacting a person other than Plaintiff and stating that the Plaintiff owed a debt.

    B. Defendant violated 15 U.S.C. §1692c(b) for communicating with a third party, Plaintiff's ex-wife, for a purpose other than acquiring location information.

    C. Defendant violated 15 U.S.C. §1692e; 15 U.S.C. §1692e(2); 15 U.S.C. §1692e(5); 15 U.S.C. §1692e(10); and 15 U.S.C. §1692f for falsely and/or misleadingly stating that if the Plaintiff did not satisfy the debt, then certain and immediate actions would occur beyond the collection efforts of the Defendant.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 20, 2021

                                              /s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com